```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
FRANCISCO PUELLO,                                             :
                                    Plaintiff,                :
                                                              :          18 Civ. 1645 (LGS)
              -against-                                       :
                                                              :                ORDER
JETRO CASH AND CARRY ENTERPRISES,                             :
LLC,                                                          :
                                    Defendant.                :
------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/5/2020

LORNA G. SCHOFIELD, District Judge:

Plaintiff Francisco Puello brings this personal injury action against Defendant Jetro Cash and Carry Enterprises, LLC based on Defendant's alleged negligence in maintaining and operating Defendant's store premises. Defendant moves for summary judgment. For the reasons below, the motion is denied.

I. **BACKGROUND**

The summary below is drawn from the Defendant's Rule 56.1 statement and the record before the Court. As Plaintiff failed to respond to the 56.1 statement, the facts in the statement are deemed admitted, to the extent they are supported by the record. *See* Local Civil Rule 56.1(c); *Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003) (noting that, "[i]f the opposing party [] fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted," but holding that any facts not supported by the record must be disregarded).

According to Plaintiff's deposition, Plaintiff and Ramon Ambiory Guzman Pena ("Mr. Pena") went to Defendant's store on the afternoon of July 8, 2017. Upon arriving, Plaintiff and Mr. Pena got a large dolly and shopped for roughly fifteen to twenty minutes. They then turned down a walkway behind one of the shopping aisles. The walkway was roughly four to five feet wide with good lighting. When Plaintiff and Mr. Pena had walked approximately fifteen to

twenty feet down the walkway, Plaintiff tripped over a box -- the incident at issue in this negligence action.

Immediately before tripping, Plaintiff was walking in front of the dolly, moving across the walkway from the left side to the right, to navigate around a woman and children who were walking towards him from the opposite direction. At the time, Mr. Pena was walking behind the dolly. The woman and children were navigating around a pallet on the walkway on which a number of boxes were stacked. About five feet after passing the woman, children and pallet, Plaintiff tripped over the box. His right foot struck the box, causing him to fall. Plaintiff did not see the box prior to tripping. At the time, he was "looking forward and . . . at this lady coming down the hallway and then . . . to see the sections . . ." to ensure he didn't miss his turn.

The box over which Plaintiff tripped was on the floor, was approximately knee high and three feet wide, and protruded approximately two to three feet into the walkway from shelving on the right side of the walkway. The box did not appear broken in any way, crushed or dirty at the time of the accident. There were ten or fifteen boxes on the walkway floor. Mr. Pena asserts in an affidavit that "[a]pproximately 2 to 3 minutes before [Plaintiff's] accident, [he] observed two people wearing Jetro shirts, handling boxes in the immediate area of [Plaintiff's] accident, including the box that [Plaintiff] tripped over." Plaintiff does not know how long the box had been placed there prior to the accident, or how it came to be there.

Per the deposition of Wygene McCants, Assistant Branch Manager of the store, the store practice is to keep "merchandise [in] the bay [i.e. shelves] or if it's not in the bay, it should be on a pallet outside of the bay freestanding or on a dunnage rack [i.e. freestanding shelf]." Defendant's store management team did safety walks around the store three times a day as part of a daily "safety checklist," which included monitoring for "slip, trip and fall hazards." Mr. McCants defined a tripping hazard in his deposition as "anything that someone could possibly

fall over. Or something that's protruding, that's not, pretty much, flush in the [shelves] or merchandised properly." A box protruding from a shelf should be remedied because "it's sticking out and it's not with the rest of the merchandise."

Another store employee, William Alava, testified that store policy was that boxes of merchandise could not be on the floor or be "jet[ting] out" of shelves. Store managers were also required to walk through the store daily to ensure compliance with store policies. Mr. Alava never saw merchandise protruding into the aisle, including in the area where Plaintiff fell, either on the day of the accident or otherwise.

## II. STANDARD

Summary judgment is appropriate where the record establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is a genuine dispute as to a material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *accord Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 113 (2d Cir. 2017). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Liberty Lobby*, 477 U.S. at 248; *accord Saleem v. Corp. Transp. Grp., Ltd.*, 854 F.3d 131, 148 (2d Cir. 2017).

The court must construe the evidence in the light most favorable to the nonmoving party and must draw all reasonable inferences in favor of the nonmoving party. *Liberty Lobby*, 477 U.S. at 255; *accord Soto v. Gaudett*, 862 F.3d 148, 157 (2d Cir. 2017). When the movant has properly supported its motion with evidentiary materials, the opposing party may only establish a genuine issue of fact by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). "[A] party may not rely on mere speculation or conjecture as to the true nature of

the facts to overcome a motion for summary judgment." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (alteration in original); *accord Rodriguez v. City of New York*, 291 F. Supp. 3d 396, 408 (S.D.N.Y. 2018).

## III. DISCUSSION

A defendant is entitled to summary judgment in a negligence action under New York law where the undisputed evidence shows that the plaintiff cannot make out a prima facie case of negligence.[1] To make this showing "a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 286 (2d Cir. 2006) (quoting *Solomon ex rel. Solomon v. City of New York,* 489 N.E.2d 1294, 1294 (N.Y. 1985)) (internal quotation marks omitted). "New York landowners owe people on their property a duty of reasonable care under the circumstances to maintain their property in a safe condition," *Tagle v. Jakob*, 763 N.E.2d 107,

---

[1] If Defendant's summary judgment motion were litigated in New York state court, the burden initially would be on the defendant "to demonstrate, as a matter of law, 'that [it] maintained the property in question in a reasonably safe condition and that [it] neither created the allegedly dangerous condition existing thereon nor had actual or constructive notice thereof.'" *Norse v. Saratoga Harness Racing, Inc.*, 916 N.Y.S.2d 330, 331 (3rd Dep't 2011) (citation omitted) (alteration in original); *see also Xiang Fu He v. Troon Management, Inc.*, 34 N.Y.3d 167, 175 (2019) ("On a motion for summary judgment, the moving party must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. If the moving party produces the required evidence, the burden shifts to the nonmoving party to establish the existence of material issues of fact which require a trial of the action." (internal quotation marks and internal citation omitted)). In federal court, however, "the evidentiary burdens that the respective parties will bear at trial guide district courts in their determination of summary judgment motions." *Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988). Accordingly, a federal court may grant summary judgment to a defendant based on a plaintiff's failure to adduce evidence supporting the prima facie elements of his case, because "[a]t trial . . . [plaintiff] would bear the burden of proof on the elements of his premises liability claim." *Tenay v. Culinary Teachers Ass'n of Hyde Park*, 281 F. App'x 11, 12-13 (2d Cir. 2008) (summary order); *accord Gisser v. Wal-Mart Stores E., LP*, No. 17 Civ. 5293, 2018 WL 6493101, at *3 (S.D.N.Y. Dec. 7, 2018) ("Therefore, because the burden of proof on a motion for summary judgment is procedural and federal law applies, Defendant may meet its burden by showing—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case, but need not raise a *prima facie* case." (quotation marks omitted)).

4

108–09 (N.Y. 2001), "which duty includes eliminating, protecting against, or warning of dangerous, defective, or otherwise hazardous conditions." *Pinero v. Rite Aid of New York, Inc.*, 743 N.Y.S.2d 21, 23 (1st Dep't 2002), *aff'd*, 783 N.E.2d 895 (2002); *accord Nipon v. Yale Club of New York City*, No. 13 Civ. 1414, 2014 WL 6466991, at *5 (S.D.N.Y. Nov. 18, 2014). A defendant must have "either affirmatively created the [condition] alleged to have caused plaintiff's fall, or had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence." *Mercer v. City of New York*, 670 N.E.2d 443, 444 (N.Y. 1996); *accord Calderon v. J.C.Penney Corp., Inc.*, No. 14 Civ. 5706, 2017 WL 2558805, at *2 (S.D.N.Y. June 6, 2017) (construing New York law); Lee S. Kreindler, et al., New York Law of Torts § 12:3 (2019) ("For a landowner to be liable to a person on the land for an injury caused by a condition on the land, the plaintiff must establish three basic elements (aside from causation and injury): a dangerous condition existed on the land; the owner created or had notice of the condition; and the owner failed to take reasonable measures to protect persons on the land from the condition.")

Defendant argues that Plaintiff cannot make out a prima facie case for two reasons: (1) the undisputed evidence shows that the condition was open and obvious, and not inherently dangerous, and therefore Defendant did not breach its duty of care; and (2) the undisputed evidence shows that Defendant did not create, or have actual or constructive notice of, the condition. Both arguments are unsuccessful.

### A.     Open and Obvious Danger

The evidence raises genuine disputes of material fact over whether Defendant violated its duty to warn of dangerous, defective or otherwise hazardous conditions, and to maintain its property in a safe condition. Accordingly, summary judgment is denied on this ground.

"We have long held that a landowner has no duty to warn of an open and obvious danger." *Tagle*, 763 N.E.2d at 109-10; *accord Kastin v. Ohr Moshe Torah Inst., Inc.*, 95 N.Y.S.3d 292, 294 (2d Dep't 2019). But, "[a] condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted." *Toro v. Friedland Properties, Inc.*, 976 N.Y.S.2d 158, 160 (2d Dep't 2013). "Some visible hazards, because of their nature or location, are likely to be overlooked." *Grizzell v. JQ Assocs., LLC*, 973 N.Y.S.2d 268, 270 (2d Dep't 2013). "[T]he issue of whether a hazard is latent or open and obvious is generally fact-specific and thus usually a jury question." *Tagle*, 763 N.E.2d at 110; *accord Kastin*, 95 N.Y.S.3d at 294. "[A] court may determine that a risk was open and obvious as a matter of law when the established facts compel th[e] conclusion" that "any observer reasonably using his or her senses" would have seen the condition at issue. *Tagle*, 763 N.E.2d at 110.

Defendant argues that the box over which Plaintiff tripped was open and obvious because the record shows that nothing obstructed Plaintiff's view of the box on the walkway. In particular, Defendant points to Plaintiff's testimony that he walked for fifteen to twenty feet down the walkway before encountering the box, and therefore had a view of the box during that time. Various facts, however, belie Defendant's characterization of the evidence. First, Plaintiff testified at his deposition that, immediately before the incident, he was navigating around boxes stacked on a pallet. The record does not indicate the width of the pallet, but Plaintiff described it as "huge." Furthermore, the walkway was only four or five feet wide. When another customer and small children walked towards him from the opposite direction, Plaintiff had to focus on navigating around them, given the narrow width of the walkway. As Plaintiff testified:

> [T]here was a lady that was coming in front of me and she – what happened was there were boxes stuck up everywhere. So when she move – she was like 2 to 3 feet – she moved [to avoid the pallet] and her cart came to my direction. So I

> walked to the – I walked to the front of the cart. So when I walked in front of the cart, there were boxes protruding and that's when I tripped.

Plaintiff moreover testified that he did not in fact see the boxes on the floor. In light of these facts suggesting Plaintiff was distracted and his view obstructed, the record does not compel finding that the box was necessarily open and obvious to a reasonable person. *See Toro*, 976 N.Y.S.2d at 160 (Where a "condition is obscured or plaintiff is distracted," the condition may not be open and obvious.). "New York courts have shown great reluctance to grant summary judgment on the theory that a condition is open and obvious," *Nipon*, 2014 WL 6466991, at *6 (collecting cases), where the facts do not compel a finding that "the hazard was so obvious that it would necessarily be noticed by any careful observer, so as to make any warning superfluous." *Juoniene v. H.R.H. Const. Corp.*, 774 N.Y.S.2d 525, 526–27 (1st Dep't 2004) (citations omitted) (denying summary judgment to Defendant since a standpipe protruding over a public sidewalk "might be overlooked by a pedestrian under the circumstances allegedly confronted by plaintiff—where a standpipe protruding over a public sidewalk could not be observed because of the glare from the sun"); *see also Gordon v. Pitney Bowes Mgmt. Servs., Inc.*, 942 N.Y.S.2d 155, 158 (2d Dep't 2012) (finding on summary judgment that a plastic bin placed on the ground one step from the opening of plaintiff's cubicle was not open and obvious due to its proximity to plaintiff's cubicle opening, which allegedly obscured her line of sight).

In any event, even if the box were an open and obvious condition, Defendant may still be liable for violating its duty "to maintain the store in a reasonably safe condition." *Johnson-Glover v. Fu Jun Hao Inc.*, 28 N.Y.S.3d 304, 305 (1st Dep't 2016); *accord Boutsis v. Home Depot,* 371 F. App'x 142, 144 (2d Cir.2010) (summary order) ("[E]ven if the danger . . . were open and obvious, this merely eliminates the property owner's duty to warn and does not eliminate its duty to maintain its premises in a reasonably safe condition."). Genuine disputes of material fact preclude finding that Defendant did not breach this duty as a matter of law.

Plaintiff testified that: (1) the walkway was only four to five feet wide, and customers were permitted to walk along it simultaneously from both directions; (2) boxes were stacked on a pallet on the walkway; (3) the box over which Plaintiff tripped was on the walkway floor; and (4) ten or fifteen other boxes were also on the walkway floor. Defendant's witnesses testified to the contrary that it was store policy not to place boxes on the ground, and they did not see any boxes protruding from shelves or on the floor on the day of the incident. As the result, there is a dispute of fact as to the conditions in the store when the incident occurred. A reasonable jury could credit Plaintiff's version of the facts and could find that the boxes and the pallet in the walkway created an unsafe condition. *See Price v. Staples Office Superstore E., Inc.*, 924 N.Y.S.2d 92, 92–93 (1st Dep't 2011) (reversing grant of summary judgment to defendant where plaintiff allegedly tripped over rolled up carpeting because "[a] jury could reasonably conclude that the rolled up carpeting constituted a tripping hazard," which may breach defendant's duty to maintain the premises in a reasonably safe condition); *Dietzen v. Aldi Inc. (New York)*, 870 N.Y.S.2d 189, 190 (4th Dep't 2008) (finding issue of fact as to whether a wooden pallet protruded into the aisle of the store, creating a dangerous condition that may violate defendant's obligation to keep the property in safe condition even if it was open and obvious); *Westbrook v. WR Activities-Cabrera Markets*, 773 N.Y.S.2d 38, 44 (1st Dep't 2004) ("As to defendants' argument that the presence of the box in the aisle was not a dangerous condition, that contention is refuted by the testimony of the store's own manager, who testified that an unopened single box in an aisle constituted a 'tripping hazard' because it was not readily visible to customers walking through the aisles. A lone 10– to 12–inch–high box in a supermarket aisle is, by definition, easily overlooked, creating a hazard which can, and ought to, be removed.").

### B. Creation or Notice of the Condition

#### 1. Creation of the Condition

A reasonable jury could find that Defendant created the condition. Mr. Pena's affidavit states that Defendant's employees were handling boxes in the immediate area of Plaintiff's accident, including the box over which Plaintiff tripped, just minutes before the accident. That the employees were handling the box minutes prior to the accident could support an inference that Defendant's employees created the dangerous condition. *See Wood v. Buffalo & Fort Erie Pub. Bridge Auth.*, --- N.Y.S.3d ---, 2019 WL 7045473, at *1 (4th Dep't 2019) ("Although [m]ere conclusions based upon surmise, conjecture, speculation or assertions are without probative value . . .[] a case of negligence based wholly on circumstantial evidence may be established if the plaintiffs show[ ] facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may reasonably be inferred." (alterations in original)). As Plaintiff may prove his case through circumstantial evidence, the lack of direct evidence that Defendant created the dangerous condition does not compel summary judgment. Defendant's argument to the contrary -- that Mr. Pena's affidavit cannot establish as a matter of law that Defendant's employees created the condition -- is rejected.[2] Drawing all reasonable inferences in favor of Plaintiff, *Liberty Lobby*, 477 U.S. at 255, this evidence is sufficient to preclude summary judgment.

---

[2] The Rule 56.1 Statement's claim that "[b]oxes are not placed on the floor by store employees" does not establish that Defendant did not create the condition as a matter of law. This claim is controverted by the record. *See Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003) ("[T]he local rule [that deems admitted any uncontroverted facts in a Rule 56.1 Statement] does not absolve the party seeking summary judgment of the burden of showing that it is entitled to judgment as a matter of law, and a Local Rule 56.1 statement is not itself a vehicle for making factual assertions that are otherwise unsupported in the record.").

9

2. **Actual or Constructive Notice of the Condition**

Even if a jury found that Defendant did not create the condition, a reasonable jury could find that Defendant had actual or constructive notice of the condition and failed to correct it. "Actual notice requires that a defendant receive complaints or similarly be alerted to the existence of the dangerous condition." *Nussbaum v. Metro-N. Commuter R.R.*, 603 F. App'x 10, 12 (2d Cir. 2015) (summary order) (citing *Matcovsky v. Days Hotel,* 782 N.Y.S.2d 64, 65 (1st Dep't 2004)); *accord Ortiz v. Wal-Mart Stores E., LP*, No. 17 Civ. 945, 2019 WL 1171566, at *3 (S.D.N.Y. Mar. 13, 2019) (construing New York law). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." *Chianese v. Meier*, 774 N.E.2d 722, 726 (N.Y. 2002) (citation omitted); *accord Calderon*, 2017 WL 2558805, at *2. According to Defendant, no employees saw any boxes on the ground on the day in question. Furthermore, the employees did regular inspections of the store and did not see boxes during these inspections, and therefore had no notice of boxes in the walkway. Plaintiff testified, to the contrary, that ten or fifteen boxes were sitting on the walkway floor, that "[t]here [were] a bunch of boxes protruding" from the shelves, and "there were boxes everywhere." Mr. Pena's affidavit also asserts that he observed two people wearing Jetro shirts, handling boxes in the immediate area of the accident, including the box that Plaintiff tripped over, minutes before the accident. Although Defendant's Assistant Branch Manager testified that the management team did safety walks three times per day, and a store employee testified that he did not see boxes on the walkway floor in the area where Plaintiff tripped on the day of the accident, neither of these witnesses testified when they had last been near or inspected the walkway on the day in question.

This conflicting evidence, taken together, creates an issue of fact precluding summary judgment. *See Hagin v. Sears, Roebuck & Co.*, 876 N.Y.S.2d 777, 779–80 (3d Dep't 2009)

("Given the lack of proof that anyone had inspected the aisle that day, and plaintiff's uncontroverted account that boxes were in the aisle at the time of his fall, a factual issue remains as to whether the alleged dangerous condition was known to defendant or existed for a sufficient period of time prior to plaintiff's fall to permit defendant to discover it and take remedial action."); *see also Lewis v. Carrols LLC,* 70 N.Y.S.3d 319, 321 (4th Dep't 2018) (finding genuine issue of material fact as to actual notice because "defendant submitted an affidavit from the restaurant manager establishing that she did not personally observe any dangerous condition in the vestibule when she inspected the area 30 minutes before plaintiff's accident [but] defendant failed to submit any evidence establishing that other employees 'did not observe any water ... on the [floor] before [the accident].'"); *Farrauto v. Bon-Ton Dep't Stores, Inc.*, 38 N.Y.S.3d 870, 871–72 (4th Dep't 2016) (finding genuine issue of material fact as to constructive notice because, "[w]hile defendant submitted evidence that its employees were generally expected to identify and remedy tripping hazards, it did not submit any evidence establishing when the area of plaintiff's fall was last inspected; that reasonable care did not require any such inspection; or that the gift box [over which plaintiff tripped] would not have been visible had the area been inspected." (citations omitted)).

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is DENIED. The Clerk of Court is directed to close Dkt. No. 32.

SO ORDERED.

Dated: February 5, 2020
      New York, New York

                                LORNA G. SCHOFIELD
                             **UNITED STATES DISTRICT JUDGE**